IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICE HILLIARD,<br>51 Liberty Street<br>Trenton, NJ 08611<br><br>and<br><br>RUTH JORDAN<br>20 Fell Street<br>Trenton, NJ 08638<br>　　　　　Plaintiffs<br>v.<br><br>STATE OF NEW JERSEY,<br>SUPERIOR COURT<br>MERCER VICINAGE, CRIMINAL<br>DIVISION,<br>400 South Warren Street<br>P.O. Box 8068<br>Trenton, NJ 08650-0068<br>　　　　　Defendant | Civil Action No. |

## COMPLAINT

Plaintiffs, Alice Hilliard and Ruth Jordan, by way of complaint against the defendant, State of New Jersey, Superior Court, Mercer Vicinage, Criminal Division (hereinafter "Superior Court"), hereby allege and say:

## PARTIES

1. Plaintiff Alice Hilliard is an adult resident of the State of New Jersey with a residence at 51 Liberty Street in Trenton, New Jersey, 08611.

2. Plaintiff Ruth Jordan is an adult resident of the State of New Jersey with a residence at 20 Fell Street, Trenton, New Jersey 08638.

3. Defendant, Superior Court, is a political subdivision of the State of New Jersey with a business address of 400 South Warren Street in Trenton, New Jersey 08650.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

5. The jurisdiction of this Court is also based upon 28 U.S.C. §§1331 and 1343, to redress the unlawful deprivation of plaintiffs' rights, secured, guaranteed and protected by federal laws.

6. Pursuant to 28 U.S.C. §1391(b), venue resides in the District of New Jersey where plaintiffs work and where the incidents and occurrences giving rise to the cause of action arose.

7. The Court may also exercise supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. §1367(a) and Fed.R.Civ.P. 18(a) since the state law claims form part of the same case or controversy.

8. The plaintiffs have satisfied all jurisdictional prerequisites and exhausted administrative remedies by filing complaints with the New Jersey Division of Civil Rights on or about October 29, 2019. See Exhibits "A" and "B."

9. Both plaintiffs' complaints were received in the office of the New Jersey Division of Civil Rights at the same time. See Exhibits "A" and "B."

10. Ruth Jordan's complaint was filed and given the Docket No. EL11WG-67777. Exhibit "C."

11. Due to the dereliction of duty of the civil servants within the State of New Jersey Division of Civil Rights, plaintiff Hilliard's complaint was not filed. Plaintiff's counsel had to

write multiple letters to confirm the filing date and receive a stamped filed copy culminating with a letter to the Director of the Division of Civil Rights dated March 6, 2020. Exhibit "D."

12. Thereafter, on March 27, 2020, the Division of Civil Rights docketed plaintiff Hilliard's complaint under EL11WG-67892. Exhibit "E."

13. The Division of Civil Rights has still failed to acknowledge the certified receipt dates of the complaints on October 29, 2019, as the official filing date within the 180-day statutory time period.

14. More than one hundred eighty days have elapsed since the filing of the complaints with the New Jersey Division of Civil Rights.

15. Right-to-sue letters were requested for each plaintiff on October 27, 2020. Exhibits "F" and "G."

16. Once again, the civil servants of the State of New Jersey Division of Civil Rights have been derelict in their duties and have failed to issue the "right to sue" letters which the plaintiffs are entitled to by law. Continued phone calls to the Division of Civil Rights have been futile. Accordingly, this Court should accept jurisdiction as if "right to sue" letters had been issued and the complaint timely filed thereafter.

## FACTS

17. Plaintiff, Alice Hilliard, has been employed by the defendant as a level J3 (Judiciary Clerk 3) administrative assistant since 1993.

18. Plaintiff, Ruth Jordan, has been employed by the defendant as a level J3 (Judiciary Clerk 3) administrative assistant since 2000.

19. The plaintiffs are in a protected class: African American, over age 40

20. The defendant employs more than fifteen (15) persons and is subject to both the New Jersey Law Against Discrimination (NJLAD) and Title VII of the Civil Rights Act of 1964.

21. In or about early 2018, defendant advertised an available level J4 (Judiciary Clerk 4) administrative assistant position which plaintiffs were amply qualified for.

22. Both plaintiffs applied for the advertised J4 position.

23. Both plaintiffs were interviewed for the position but were not selected.

24. The plaintiffs learned later that there were actually three J4 positions involved in the selection process. Two of the three positions were filled with younger, Caucasian, and less experienced women.

25. Plaintiff, Hilliard, had trained one of the two younger Caucasian women who were selected for the available J4 positions.

26. Also, while plaintiff Hilliard was out on a medical leave in early 2018 during the selection process, her supervisor, Karl Goldenbaum, went through her desk. When she returned to work on June 11, 2018, she found all her belongings had been packed up and moved into a closet on the first floor. Mr. Goldenbaum told her it was only temporary because "they needed space," but complainant has been working in the closet ever since.

27. Moreover, Goldenbaum reassigned Aneta Jaszcza, a younger (early 30s) Caucasian female, to take plaintiff Hilliard's former workstation. Hilliard had also trained Jaszcza.

28. On May 22, 2019, the defendant posted another advertisement for an open J4 position after one of the three women selected in 2018 had left.

29. Both plaintiffs applied again for the J4 position.

30. Both plaintiffs interviewed for the J4 position and, once again, were not selected. Plaintiffs were notified in July 2019 of the defendant's decision.

31. The person defendant selected for the J4 position was none other than Aneta Jaszcza whom the plaintiff Hilliard had trained and to whom Goldenbaum had given Hilliard's former workstation when he moved Hilliard to the first floor closet.

32. Plaintiff Jordan has also been called upon since the announcement of Ms. Jaszcza's promotion to assist Ms. Jaszcza in the courtroom because Ms. Jaszcza was unfamiliar with courtroom procedures.

## COUNT I

33. Plaintiffs repeat and re-allege the allegations contained in the prior paragraphs of the complaint as though they were set forth at length herein.

34. At all relevant times, defendant maintained a written policy prohibiting discrimination and promising employees a work environment free from all forms of discrimination in the hiring and promotion process.

35. Under Restatement §219(2)(b), defendant Superior Court is directly liable to plaintiffs for violating New Jersey's Law Against Discrimination through its negligence and recklessness in failing to implement, monitor and enforce its own policy.

36. Defendant's negligence consisted of, inter alia, the following:

- failing to implement meaningful and effective training for employees regarding their obligations and duties under the policy;

- failing to monitor administration of the policy to prevent discrimination in the hiring process;

- failing to assure promotions occurred on the basis of qualification for the available position without regard for an applicant's race or age;

37. As a result of the defendant's conduct, plaintiffs have suffered damages including loss of income and privileges associated with advancement to the J4 level as well as emotional distress.

WHEREFORE, plaintiffs, Alice Hilliard and Ruth Jordan, demand entry of judgment in their favor and against the defendant Superior Court for compensatory damages, punitive damages, attorney fees and expenses and such other relief as the Court may deem just and proper.

## **COUNT II**

38. Plaintiffs repeat and re-allege the allegations contained in the prior paragraphs of their complaint as though they were set forth at length herein.

39. Under Restatement §219(2)(d), defendant is vicariously liable to plaintiffs for violating New Jersey's Law Against Discrimination through the acts of Karl Goldenbaum and others involved in the selection process as previously set forth herein.

40. As a result of the defendant's conduct, plaintiffs have suffered damages including loss of income and privileges associated with advancement to the J4 level as well as emotional distress.

WHEREFORE, plaintiffs, Alice Hilliard and Ruth Jordan, demand entry of judgment in their favor and against the defendant Superior Court for compensatory damages, punitive damages, attorney fees and expenses and such other relief as the Court may deem just and proper.

## COUNT III

41. Plaintiffs repeat and re-allege the allegations contained in the prior paragraphs of her complaint as though they were set forth at length herein.

42. The same acts of age and racial discrimination recited herein which constitute violations of the New Jersey Law Against Discrimination also constitute violations of Title VII of the federal Civil Rights Act of 1964, and plaintiffs claim all the remedies provided for therein.

43. As a result of the defendant's conduct, plaintiffs have suffered damages including loss of income and privileges associated with advancement to the J4 level as well as emotional distress.

WHEREFORE, plaintiffs, Alice Hilliard and Ruth Jordan, demand entry of judgment in their favor and against the defendant Superior Court for compensatory damages, attorney fees and expenses and such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Scott I. Fegley, Esq., is hereby designated as trial counsel for the plaintiff.

                           Scott I. Fegley /s/    SIF1933
                           Scott I. Fegley, Esq.
                           Attorney for Plaintiff
                           NJ Attorney I.D. No. 020871987
                           420 Sandalwood Avenue
                           Hamilton Square, NJ 08619
                           (609) 587-2696

                           (215) 493-8287

DATE: May 18, 2021